UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2020 JUN -2 PM 2: 40

CLERK

BY_____ *law*
DEPUTY CLERK

UNITED STATES OF AMERICA )
)
v. ) Case No. 5:11-cr-158-1
)
JAIMOUR ANDERSON )

**OPINION AND ORDER**
**ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**AND DISMISSING DEFENDANT'S 28 U.S.C. § 2255 PETITION**
(Docs. 101, 114)

This matter came before the court for a review of the Magistrate Judge's December 4, 2019 Report and Recommendation ("R & R") (Doc. 114), wherein he recommended that the court dismiss the 28 U.S.C. § 2255 petition filed by Defendant Jaimour Anderson. Defendant seeks to correct his below-Guidelines sentence imposed pursuant to the court's adoption of the parties' Fed. R. Crim. P. 11(c)(1)(C) plea agreement because a 2006 conviction has since been vacated due to inappropriate conduct by a chemist in the Massachusetts forensic laboratory. Defendant argues that the continued imposition of the agreed-upon sentence constitutes a miscarriage of justice. The government opposes the motion.

On January 3, 2020, Defendant filed an objection to the R & R's conclusion that he was not diligent in filing a motion to vacate his 2006 conviction in the Massachusetts Supreme Judicial Court until approximately seventeen months after the forensic lab allegations became public. He also objected to the Magistrate Judge's conclusion that he failed to demonstrate a miscarriage of justice because (1) his sentence is below the applicable Guidelines range, (2) "the plea deal and sentence allowed him to escape more serious charges," and (3) because the court did not reference his 2006 Massachusetts conviction at sentencing. (Doc. 117 at 2.) He claims that the Magistrate Judge did not address his Due Process claim, although the R & R clearly addresses whether there was a

miscarriage of justice and that the Magistrate Judge erred in finding that the applicable deadline for Defendant's habeas petition was not subject to equitable tolling.

Defendant is represented by Assistant Federal Public Defender Barclay T. Johnson. The government is represented by Assistant United States Attorney Kevin J. Doyle.

I.    **Factual and Procedural Background.**

A.    **Defendant's Vermont Proceedings.**

Defendant pled guilty to a Superseding Information charging him with knowingly and willfully conspiring to distribute cocaine base and conspiring to possess firearms in furtherance of a drug trafficking crime. On August 8, 2012, the court held a change of plea hearing at which it announced that the maximum penalty for each charge was up to twenty years' imprisonment and up to a three-year period of supervised release. The parties stipulated that Defendant conspired to distribute between 840 and 2,800 grams of a mixture containing cocaine base, which resulted in a Sentencing Guidelines offense level of 34. (Doc. 47 at 2, ¶ 4.) The government agreed (1) not to prosecute Defendant for any other offenses known to it as of the date of the plea agreement relative to the distribution of cocaine base and the possession of firearms; (2) to recommend a term of imprisonment at the low end of the Guidelines range if Defendant's offense level was 35 or above and his criminal history was Category IV or above; (3) to recommend that Defendant receive a two-point credit for acceptance of responsibility; and (4) to recommend an additional one-point credit for timely acceptance of responsibility if the offense level before acceptance was 16 or greater. *Id.* at 4-5, ¶ 11. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties further stipulated that the appropriate term of imprisonment was 120 to 262 months. *Id.* at 6, ¶ 16.

In the October 2012 Presentence Investigation Report ("PSR"), Defendant's base offense level was determined to be 34, which was increased by two levels for possession of a firearm under U.S.S.G. § 2D1.1(b)(1) and an additional two levels for a credible threat of violence under U.S.S.G. § 2D1.1(b)(2), resulting in an adjusted offense level of

2

38.  Three levels were deducted based on Defendant's timely acceptance of responsibility
for a total offense level of 35.

Defendant's criminal history was twelve based on his prior convictions, including
a 2006 conviction in the State of Massachusetts for possession of marijuana, placing him
in Criminal History Category ("CHC") V.  The PSR did not specify the number of points
the 2006 marijuana conviction contributed to the Criminal History calculation because
that charge was combined with a charge of possessing stolen property.[1]  In the November
28, 2012 amendment to the PSR, Defendant's convictions were assigned two points.
Based on an adjusted offense level of 35 and CHC V, Defendant's advisory Guidelines
imprisonment range was 262 to 327 months.

At Defendant's November 27, 2012 sentencing hearing, the court adopted the
PSR's Guidelines imprisonment range of 262 to 327 months and the Rule 11(c)(1)(C)
plea agreement's binding range of 120 to 262 months.  After reviewing the factors set
forth in 18 U.S.C. § 3553(a), the court observed that the stipulated quantity of cocaine
base could have triggered a mandatory minimum sentence of 120 months.  The court
further noted that the government could have charged Defendant under 18 U.S.C.

---

[1] As set forth in ¶ 61 of the PSR, the Probation Office determined the following convictions
received points under Chapter Four of the Sentencing Guidelines:

   1. 2004 Massachusetts conviction for possession of cocaine (1 point).

   2. 2005 Massachusetts convictions for unlawful possession of a firearm, unlawful
   possession of a firearm without a permit, and possession of cocaine (3 points).

   3. 2006 Massachusetts convictions for knowingly receiving stolen property and
   possession of a Class D substance (marijuana) (2 points).

   4. 2006 Massachusetts convictions for unauthorized use of a motor vehicle and
   driving on a suspended license (1 point).

   5. 2007 Massachusetts convictions for driving on a suspended license, failure to
   stop for police, assault and battery on a police officer, breaking and entering, and
   resisting arrest (2 points).

   6. 2009 Massachusetts convictions for larceny of a motor vehicle, failure to stop
   for police, and driving on a suspended license (2 points).

   7. 2011 Vermont conviction for unlawful mischief (1 point).

3

§ 924(c) based on his possession of firearms, which would have added five years to his sentence.

In imposing a sentence at the low end of the stipulated Guidelines range, the court noted that Defendant did not have a history of major drug trafficking offenses but nonetheless concluded that 120 months failed to adequately reflect the seriousness of the offense in light of Defendant's threats and possession of firearms. Although the court referenced Defendant's criminal history, which his attorney described as "a lot of misdemeanors[,]" the court did not refer to the 2006 marijuana conviction. (Doc. 100 at 14.) The court sentenced Defendant to a term of 139 months. Defendant did not file a direct appeal.

### B. Post-Sentencing Events Related to Defendant's 2006 Marijuana Conviction.

In January 2013, an investigation revealed that a forensic chemist employed by the Massachusetts State Police had been consuming drugs, tampering with drug samples, and working under the influence of drugs. The forensic chemist was indicted on April 1, 2013 and convicted on January 6, 2014 for misconduct during the period from July 2012 to January 2013. In November 2014, the Massachusetts Attorney General's Office disclosed documents indicating the forensic chemist's misconduct began as early as 2011. On April 1, 2016, the Massachusetts Attorney General's Office issued a report revealing that the misconduct dated back to "late 2004 or early 2005[.]" (Doc. 108-2 at 9.)

On April 5, 2018, Defendant's 2006 marijuana conviction was vacated by the Massachusetts Supreme Judicial Court. Thereafter, on October 11, 2018, the Massachusetts Supreme Judicial Court issued a "more inclusive remedy" which dismissed with prejudice additional cases that satisfied certain criteria. *Comm. for Pub. Counsel Servs. v. Attorney Gen.* 108 N.E.3d 966, 989 (Mass. 2018). On April 3, 2019, Defendant filed the pending habeas petition.

## II.     Conclusions of Law and Analysis.

### A.     Standard of Review.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### B.     Whether Defendant Diligently Pursued Habeas Relief.

Defendant contends that his § 2255 petition was timely filed pursuant to the Supreme Court's holding in *Johnson v. United States*, 544 U.S. 295 (2005). Pursuant to § 2255(f), habeas motions are subject to a one-year statute of limitations, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

The *Johnson* Court held that the limitation period of § 2255(f)(4) "begins when a petitioner receives notice of the order vacating the prior conviction, provided that he has sought it with due diligence in state court, after entry of judgment in the federal case with the enhanced sentence." 544 U.S. at 298. The Second Circuit has held that equitable

5

tolling requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Jenkins v. Greene*, 630 F.3d 298, 302 (2d Cir. 2010) (emphasis and internal quotation marks omitted).

Contrary to Defendant's argument that his petition was timely filed because the vacatur of his 2006 marijuana conviction constitutes a new "fact" under § 2255(f)(4) and triggers a renewed one-year limitation period, the Magistrate Judge correctly determined that Defendant could not show due diligence in seeking the vacatur because his duty arose on April 1, 2016, the date on which the Massachusetts Attorney General revealed that the forensic chemist abused illegal substances in 2004 or 2005. Because Defendant filed his request for vacatur on September 20, 2017, more than seventeen months after the April 1, 2016 report was issued. The Magistrate Judge also rejected Defendant's argument that the Massachusetts Supreme Judicial Court's October 11, 2018 order requiring a "more inclusive remedy" for affected defendants is not the operative date because Defendant's conviction was vacated approximately six months prior to that date.

The court agrees with the Magistrate Judge's well-reasoned conclusion that Defendant was "in a position to realize that he ha[d] an interest in challenging the prior conviction[]" on April 1, 2016 (Doc. 114 at 13) (quoting *Johnson*, 544 U.S. at 308), when information about the forensic chemist's drug use in 2004 or 2005 became public. *See Superville v. United States*, 771 F. App'x 28, 32 (2d Cir. 2019) (affirming district court's dismissal of § 2255 petition as time barred where defendant filed the petition more than one year after defendant "could, with due diligence, have discovered" operative fact beginning one-year limitation period); *see also Matera v. United States*, 83 F. Supp. 3d 536, 547 (S.D.N.Y. 2015) (denying § 2255 in part where new evidence "was not evidence that was newly discovered in the one year preceding the filing of the current § 2255 motion"). Defendant has not made the factual showing necessary to demonstrate that equitable tolling should apply. Because Defendant did not file the underlying § 2255 petition until April of 2019, he failed to diligently pursue habeas relief.

### C.     Whether Defendant's Habeas Petition Fails on the Merits.

In the event that the court determined Defendant had diligently pursued habeas relief, the Magistrate Judge examined the merits of Defendant's petition and concluded it failed to meet the "high bar" required to disturb a sentence. (Doc. 114 at 16) (internal quotation marks omitted).  Defendant contends that this conclusion is erroneous because his now-vacated 2006 marijuana conviction enhanced his federal sentence and thus the court's sentence violates due process and the laws of the United States and results in a manifest injustice.

A person in custody under a federal sentence may seek to correct that sentence under 28 U.S.C. § 2255(a) if (a) "the sentence was imposed in violation of the Constitution or laws of the United States," (b) "the court was without jurisdiction to impose such sentence," (c) "the sentence was in excess of the maximum authorized by law," or (d) the sentence "is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). Where a petitioner establishes "a fundamental defect which inherently results in a complete miscarriage of justice," courts may grant relief based on non-constitutional claims. *Davis v. United States*, 417 U.S. 333, 346 (1974) (internal quotation marks omitted).  Section 2255 review is "narrowly limited in order to preserve the finality of criminal sentences and to effect the efficient allocation of judicial resources." *United States v. Hoskins*, 905 F.3d 97, 102 (2d Cir. 2018) (quoting *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996)).  The petitioner bears the burden of establishing that he is entitled to relief under § 2255. *Napoli v. United States*, 45 F.3d 680, 683 (2d Cir. 1995). He is not entitled to any lesser standard or greater relief by framing his request as alleging a violation of Due Process.

In this case, Defendant's Rule 11(c)(1)(C) plea agreement provided for a sentence below the Guidelines range of 262-327 months. *See* Doc. 47 at 6, ¶ 16.  Pursuant to the terms of the plea agreement, Defendant avoided additional charges that would have imposed a mandatory minimum sentence of 180 months, which was 41 months more than the sentence he received.  Accordingly, without excluding the effect of the vacated 2006

7

marijuana conviction, Defendant's plea agreement still "secured him real benefit, hardly indicating a miscarriage of justice." *Hoskins*, 905 F.3d at 104.

Moreover, Defendant has not established that the 2006 marijuana conviction, which the court did not specifically address at the sentencing hearing, impacted its consideration of the 18 U.S.C. § 3553(a) sentencing factors and increased Defendant's sentence. The court noted that Defendant did not "have a criminal history that consists of major drug trafficking crimes[,]" and therefore his sentence "should be towards the bottom" of the Guidelines range. (Doc. 100 at 45.) The court determined that a sentence above 120 months "reflect[ed] everything [Defendant] did because [he was] already over that mandatory minimum with the quantity of drugs" involved in the offense, *id.*, and increased the minimum sentence in order "to reflect [Defendant's possession of] firearms and for threatening people." *Id.* at 46.

The PSR, which the court adopted, attributed two criminal history points for both the 2006 marijuana conviction and a stolen property conviction without indicating for which conviction the additional points were added. (PSR at 14, ¶ 56.)[2] As a result, the PSR does not indicate that the 2006 marijuana conviction contributed criminal history points or increased the advisory Guidelines range. Defendant thus fails to establish its inclusion creates a manifest injustice because, assuming the marijuana conviction contributed both criminal history points, deducting those two points does not change Defendant's CHC or his advisory Guidelines range of 262-327 months.[3] (*Id.* at 23, ¶ 94.)

As the Magistrate Judge observed, Defendant's 139-month sentence fell significantly below the advisory Guidelines range and at the low end of the 120-262-

---

[2] The government argues that both criminal history points were based on the stolen property conviction pursuant to U.S.S.G. § 4A1.1(b), and if the PSR had assessed Defendant one point for the marijuana conviction, he would have been assessed a total of three points. (Doc. 118 at 2 n.1.) Defendant responds that "it is demonstrably not true that the marijuana possession conviction added nothing to [his] criminal history[,]" but instead that the PSR indicates the marijuana conviction "counted for 1 point under [U.S.S.G.] § 4A1.1(c)." (Doc. 111 at 9 n.6.)

[3] According to the PSR, Defendant's prior convictions generated 12 criminal history points (PSR at 16, ¶ 61). Deducting two points from those results in ten Criminal History points, which is in CHC V.

month range in the parties' Rule 11(c)(1)(C) plea agreement. Therefore, Defendant has failed to establish his sentence constitutes a fundamental miscarriage of justice. *See Hoskins*, 905 F.3d at 103 ("A later development that did not affect the lawfulness of the judgment itself—then or now, is not enough to vacate the sentence imposed.") (quoting *United States v. Addonizio*, 442 U.S. 178, 186-87 (1979)); *see also Almanzar-Duran v. United States*, 2005 WL 1639421, at \*6 (S.D.N.Y. July 11, 2005) (denying § 2255 petition where the court was "not . . . required to determine whether Petitioner's vacated state conviction would change his criminal history category from II to I because such a determination would be a meaningless academic exercise where it would have no effect on Petitioner's sentence") (internal quotation marks and brackets omitted).

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 114), DENIES Defendant's motion to vacate, set aside, or correct his sentence, and DISMISSES his § 2255 motion (Doc. 101).

Pursuant to Fed. R. App. P. 22(b)(1) and 28 U.S.C. § 2253(c)(2), the court DENIES Defendant a certificate of appealability in this matter because Defendant has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 2nd day of June, 2020.

/s/ Christina Reiss

Christina Reiss, District Judge
United States District Court

9